UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
FEDEX TECHCONNECT, INC.,

                              Plaintiff,

  –against–

SURPLUS R US INC.,

                              Defendant.
------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

11-CV-2591 (ARR) (JMA)

A P P E A R A N C E S:

Daniel A. Fass, Esq.
Klapper & Fass
170 Hamilton Avenue
White Plains, New York 10017
    *Attorney for Plaintiff*

**AZRACK, United States Magistrate Judge:**

By order dated September 21, 2011, the Honorable Allyne R. Ross referred the above-captioned matter to me, pursuant to 28 U.S.C. § 636(b), for a Report and Recommendation concerning Fedex Techconnect, Inc.'s ("plaintiff") motion for default judgment against Surplus R Us Inc. ("defendant"). Order Referring Motion for Entry of Default, ECF No. 7. For the reasons set forth below, I respectfully recommend that: (1) default judgment be entered against defendant; and (2) plaintiff be awarded a total of $91,693.82, representing $80,019.13 in damages, $11,234.69 in interest, and $440.00 in costs.

## I.    BACKGROUND

Plaintiff alleges that plaintiff and its related entities agreed to provide defendant with transportation services between December, 2009, and February, 2010. Compl. ¶ 6, ECF No. 1. These services included picking up, transporting, and delivering packages, letters, and

1

documents at defendant's request.  Id.  Plaintiff alleges that defendant established a credit account in connection with the provision of these services.  Id. ¶ 7.  Each time defendant requested a service, the services were charged to defendant's account, and a shipping document was generated that included a provision stating that defendant agreed to be bound by the terms and conditions of the shipping documents, the FedEx service guide, and any published tariffs.  Id. ¶¶ 7–8.

Plaintiff alleges that all of the services requested by defendant were rendered in accordance with the shipping documents and the FedEx service guide.  Id. ¶ 9.  Plaintiff avers that defendant was sent an invoice for each of the services, that demand for payment has been made, and that defendant has failed to pay the invoices.  Id. ¶¶ 10–13.  According to plaintiff, defendant has accrued unpaid invoices totaling $80,019.13.  Id. ¶ 11.

Plaintiff filed a complaint on May 12, 2011, alleging defendant's failure to pay the invoices for services rendered and seeking damages in the amount of $80,019.13, plus interest from December 24, 2009.  See id. ¶¶ 13–22.  Despite having been properly served, ECF No. 2, defendant failed to timely answer or otherwise defend this action.  On September 14, 2011, plaintiff moved for default judgment.  ECF No. 3.  The Clerk of the Court noted defendant's default on September 15, 2011.  ECF No. 6.

## II.  DISCUSSION

### A.  Liability

Federal Rule of Civil Procedure 55 governs the entry of default judgments. Rule 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by

affidavit or otherwise, the clerk shall enter the party's default." Fed. R. Civ. P. 55(a). Local Rule 55.1 further instructs:

> A party applying for a certificate of default by the clerk pursuant to Federal Rule of Civil Procedure 55(a) shall submit an affidavit showing (1) that the party against whom a notation of default is sought is not an infant, in the military, or an incompetent person; (2) that the party has failed to plead or otherwise defend the action; and (3) that the pleading to which no response has been made was properly served.

Plaintiff has complied with these requirements, and the Clerk of the Court noted defendant's default on September 15, 2011. ECF No. 6. Presently before the Court is plaintiff's motion for entry of a default judgment as to defendant's liability and plaintiff's damages.

For purposes of determining liability, "[a] court accepts as true all well-pleaded allegations against a defaulting defendant." Finkel v. Romanowicz, 577 F.3d 79, 82 n.6 (2d Cir. 2009). To show breach of contract[1] under New York law, the applicable law in this diversity action, plaintiff must allege: (1) the existence of an agreement; (2) adequate performance by the plaintiff; (3) breach of contract by the defendant; and (4) damages. Clover v. Shiva Realty of Mulberry, Inc., No. 10-CV-1702, 2011 WL 4530536, at *3 (S.D.N.Y. Sept. 30, 2011) (citing Harsco Corp. v. Segui, 91 F.3d 337, 348 (2d Cir. 1996)).

Here, plaintiff alleges that there was an agreement for services requiring defendant to remit payment, and that plaintiff performed services under the agreement on numerous occasions. Compl. ¶¶ 6–9. Further, defendant failed to pay for those services. Id. ¶¶ 12–13. Defendant has failed to answer or otherwise move with respect to the complaint, and has also failed to respond to plaintiff's motion for default judgment. See generally docket, 11-CV-2591.

---

[1] Plaintiff does not specify the legal grounds for its claim. Plaintiff merely alleges that it provided services for defendant under agreement that defendant would be charged for those services, and defendant has refused to pay.. See Compl. ¶¶ 6–14. Because these allegations closely resemble an action for breach of contract, the Court will analyze the claim accordingly.

3

Accordingly, I accept as true defendant's liability for the amount plaintiff invoiced for services rendered, and recommend that default judgment be entered against defendant.

B. **Damages**

Although the allegations of a complaint pertaining to liability are deemed admitted upon entry of a default judgment, allegations relating to damages are not. Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999). Rather, a court must conduct an inquiry to ascertain the amount of damages with reasonable certainty. Id. (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)). The Second Circuit permits a court to hold an inquest by affidavit without a hearing so long as the court has "ensured that there was a basis for the damages specified in the default judgment." Transatlantic Marine, 109 F.3d at 111 (quoting Fed. R. Civ. P. 55(b)(2)) (internal citations omitted).

In the instant matter, a hearing is not necessary because plaintiff's uncontested submissions provide an adequate basis for awarding damages. Plaintiff submitted the following documents in support of the motion for default judgment: (1) the affirmation of Daniel Fass, Esq.; (2) a statement of damages listing the principal amount sought, along with interest and costs; (3) the affidavit of Joe Singler, a manager at Fedex Techconnect, Inc.; (4) a statement of defendant's account with FedEx; and (5) the credit terms, FedEx Service Guide, and FedEx Express Terms and Conditions. Pl.'s Mot. for Default J., ECF No. 3. Accordingly, I recommend that plaintiff be awarded the following relief.

1. **Unpaid Balance**

Plaintiff seeks to recover $80,019.13 for the shipping services it provided to defendant. The statement of defendant's account that plaintiff submitted provides an inventory of the services plaintiff provided, along with the customer account number, invoice number, and

invoiced amount for each entry. Singler Aff. in Supp. of Pl.'s Mot. for Default J. ("Singler Aff."), Ex. A, ECF No. 3. The statement lists a total invoiced amount of $80,019.13, and the affidavit confirms that none of this balance has been paid. Pl.'s Mot. for Default J., ECF No. 3; Singler Aff. Accordingly, I recommend that plaintiff be awarded $80,019.13 in unpaid fees for services rendered.

**2. Interest**

Plaintiff also seeks to recover $12,550.22 in interest accrued from December 24, 2009, to September 14, 2011. Under New York law, a prevailing party is entitled to prejudgment interest on damages from the date that a breach of contract occurred until the date of final judgment. Schipani v. McLeod, 541 F.3d 158, 165 (2d Cir. 2008); U.S. Naval Inst. v. Charter Commc'ns, Inc., 936 F.2d 692, 698 (2d Cir. 1991); Alfa N. Am. Co. v. Poly Phase Assocs., No. 06-CV-2356, 2008 U.S. Dist. LEXIS 114990, at *19 (E.D.N.Y. Sept. 29, 2008) (citing N.Y. C.P.L.R. §§ 5001–5002 (McKinney 2007)). The statutory rate for prejudgment interest is nine percent per annum. N.Y. C.P.L.R. § 5004; see also Mars Elecs. v. U.S.A. Direct, 28 F. Supp. 2d 91, 94 (E.D.N.Y. 1998).

Plaintiff requests interest on the full amount of damages beginning just three days after the date of the first services, even though the services continued over the next two months. Fass Aff. in Supp. of Pl.'s Mot. for Default J ("Fass Aff."), Stmt. of Damages. According to the statute,

> [I]nterest on damages incurred . . . shall be computed from the date incurred. Where such damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date.

N.Y. C.P.L.R. § 5001(b). Thus, the last date of the services is a more reasonable intermediate date to begin calculation of interest.[2] Based on the principal amount awarded of $80,019.13, I recommend that plaintiff be awarded prejudgment interest at a rate of nine percent per annum from the date of February 22, 2010, to September 14, 2011,[3] for a total of $11,234.69.

### 3. Costs

Lastly, plaintiff is entitled to recover reasonable costs as a result of defendant's default. "Out-of-pocket litigation costs are generally recoverable if they are necessary for the representation of the client." Tri-Star Pictures v. Unger, 42 F. Supp. 2d 296, 306 (S.D.N.Y. 1999). Expenditures pertaining to court-imposed filing fees and process servers are routinely considered reasonable and deemed recoverable. Simmons v. N.Y. City Transit Auth., No. 02-CV-1575, 2008 U.S. Dist. LEXIS 16949, at *22 (E.D.N.Y. Mar. 5, 2008). Plaintiff requests $440.00 in costs, representing $350.00 for a court-imposed filing fee, $50.00 in service of process fees, and a $40.00 Secretary of State fee. I find that these costs are reasonable and therefore recommend that the Court award plaintiff $440.00 in costs.

## III. CONCLUSION

For the foregoing reasons, I respectfully recommend that: (1) default judgment be entered against defendant; and (2) plaintiff be awarded a total of $91,693.82, representing $80,019.13 in damages, $11,234.69 in interest, and $440.00 in costs.

---

[2] According to the credit terms plaintiff attached to its motion for default judgment, payment for services is due within 15 days of the invoice date. Singler Aff., Ex. B. Thus, the payment for the last of the services did not come due until early March, 2010.

[3] There are 569 days, or 1.56 years, between February 22, 2010, and September 14, 2011.

Plaintiff is directed to serve a copy of this report and recommendation on defendant and to promptly file proof of service by ECF. Any objections to this report and recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this report. Failure to file objections within the specified time waives the right to appeal the District Court's order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72.

SO ORDERED.

Dated: December 9, 2011
     Brooklyn, New York                                         /s/
                                                                     JOAN M. AZRACK
                                                                     UNITED STATES MAGISTRATE JUDGE